United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maria Magliocchini, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-20688-Civ-Scola |
| | ) |
| Casa Panza Café, Inc., and others, | ) |
| Defendants. | ) |

### Order Granting Motion to Set Aside Clerk's Default

This cause is before the Court on Defendants' Motion to Set Aside Clerk's Default. (Mot., ECF No. 16.) After considering the Defendants' motion, and the record, the Court **grants** the Defendants' motion (**ECF No. 16**).

On February 27, 2018, the Plaintiff served the Defendant Casa Panza Café, Inc. (ECF No. 6.) On March 2, 2018, the Plaintiff served the Defendants Juan Martinez and Glenda Baldriche. (ECF Nos. 7, 8.) On March 27, 2018, after the Defendants failed to answer the complaint, the Plaintiff obtained a clerk's default as to the Defendants. (ECF Nos. 11, 13.) All three Defendants now move to vacate the clerk's default.

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Marketing, Inc. v. SICIS Intern.,* 922 F. Supp. 1534, 1536 (S.D. Fla. 1996) (Moore, J.). A court may set aside a clerk's default for good cause shown. Fed. R. Civ. P. 55(c); *see also Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951 (11th Cir. 1996). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Id.* To determine whether good cause exists, the Court considers (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Id.*

The Defendants have demonstrated to the Court's satisfaction that their failure to respond to the complaint was not culpable or willful. Furthermore, setting aside the default would not prejudice the Plaintiff, as she will still be able to pursue her claim. Notably, the Plaintiff does not oppose setting aside the default. (Mot., ECF No. 16 at ¶ 5.)

Lastly, the Defendants indicate that they have several meritorious defenses, including disputing the number of hours the Plaintiff worked, the

length of her employment, and whether they are subject to the Fair Labor Standards Act. The defenses raised provide a "hint of a suggestion" that the Defendants' case has merit *Rodriguez v. Brim's Food, Inc.*, No. 13-cv-20600, 2013 WL 314748, at *3 (S.D. Fla. June 19, 2013) (Cooke, J.).

Accordingly, the Court **grants** the Defendants' motion to set aside the clerk's default (**ECF No. 16**). The Defendants must file their responses to the complaint by **April 18, 2018**. Furthermore, the parties are ordered to submit their joint discovery plan and conference report no later than **May 9, 2018**, in accordance with the Court's February 27, 2018, Order (ECF No. 5).

**Done and ordered** at Miami, Florida, on April 12, 2018.

_____
Robert N. Scola, Jr.
United States District Judge